UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MARSHA K. FEARING-BROWNING,<br><br>    Defendant. | Civil Action No. _____ |

## COMPLAINT

The United States of America, on behalf of the Department of Health and Human Services ("HHS" or the "Plaintiff"), hereby files this Complaint (the "Complaint") against Marsha K. Fearing-Browning ("Fearing-Browning" or the "Defendant").

1.     Plaintiff brings this suit for breach of contract and for the enforcement of a payback obligation against the Defendant in connection with a postdoctoral Ruth L. Kirschstein National Research Service Award (the "Service Award").  Recipients of the Award receive funding while they receive research training and are required to meet certain service requirements in connection with the Award.  Recipients who fail to meet the service requirements incur an obligation to payback funds received during the initial twelve months of funding.

## PARTIES

2.     The Plaintiff is the United States of America, acting through the Department of Health and Human Services.

3.     The Defendant, Marsha K. Fearing-Browning, is an individual who received a Service Award under the provisions of 42 U.S.C. 288, as amended, in connection with the National

Research Service Award (NRSA) Program within the U.S. Public Health Service (PHS), Department of HHS.  The Defendant is most recently known to be residing in Waban, MA.

## JURISDICTION AND VENUE

4.     The United States District Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1345.

5.     Venue is appropriate in the District of Massachusetts pursuant to 28 U.S.C. §§ 1391(b)(1), (c)(1).

## FACTUAL ALLEGATIONS

6.     The Defendant received $46,404.00 in funding under the Service Award for the period beginning July 1, 2003 and ending June 30, 2004. In accordance with Section 487 of the Public Health Service Act (42 U.S.C. 288) as amended, and the terms of the NRSA Payback Agreement (the "Payback Agreement"), within two years after termination of the Service Award Defendant was required to engage in either health-related research or research training or health-related teaching that averages more than twenty (20) hours per week of a full work year (the "Service Requirement").[1]  A true and accurate copy of the Agreement is attached hereto. See Exhibit A.

7.     Failure to complete the Service Requirement entitles the United States to recover an amount determined in accordance with the formula $A=F[(t-s)/t]$, where "A" is the amount that

---

[1] The Defendant received a two-year Service Award for years 2003-2004 and 2004-2005. Accordingly, under the statute she could have completed her Service Requirement by completing the second year of her Service Award. See 42 U.S.C. § 288 (c)(2)(B) ("With respect to postdoctoral research training, in any case in which an individual receives a Ruth L. Kirschstein National Research Service Award for more than 12 months, the 13th month and each subsequent month of performing activities under the Award shall be considered to be acivities engaged in toward satisfaction of the requirement established in paragraph (1) regarding a period of service.").  However, as set forth below, the Defendant decided to participate in the NIH Loan Repayment Program and requested an extension of time to complete the Service Requirement.  A recipient is unable to fulfil the Service Requirement while participating in the NIH Loan Repayment Program.

the United States is entitled to recover, "F" is the sum of the total amount paid to the recipient under the initial twelve months of funding, "t" is the total number of months in the recipient's service obligation, and "s" is the number of months of such obligation served. If any amounts are due to the United States pursuant to the Payback Agreement they must be paid within a three year period beginning on the date the United States becomes entitled to recover such amounts.

8. In connection with the Agreement, and upon completion of the training appointment, the Defendant signed a Termination Notice (the "Notice"). A true and accurate copy of the Notice is attached hereto as Exhibit B. As evidenced by the Notice, the Defendant provided verification of her receipt of the funding and the type of training that she received.

9. By letter dated July 20, 2004, prior to the completion of her training, the Defendant requested an extension of time to begin repayment of her Service Requirement due to her participation in the NIH Loan Repayment Program (the "LRP"). A true and accurate copy of this letter is attached hereto as Exhibit C. The Defendant stated in the letter that she understood that when the LRP ended she was responsible for immediately initiating service repayment under the Service Award, requesting another extension of time to begin her service, or undertaking financial payback as required by the Payback Agreement.

10. By letter dated July 26, 2004, the Defendant was notified by HHS that an extension was granted. See Exhibit D. The letter also informed the Defendant that once the LRP was completed she was responsible for immediately initiating service repayment under the Service Award, requesting another extension, or beginning financial payback as required by the Payback Agreement. The letter further notified the Defendant that she was required to complete an Annual Payback Activities Certification (APAC) Form within twelve months of completion of the LRP. The Defendant's participation in the LRP ended on May 31, 2010. The Defendant

failed to comply with her obligations under the Service Award and the Payback Agreement upon termination of the LRP.

11. By letters dated July 10, 2012 and October 17, 2012, HHS reminded Defendant of her statutory obligations to repay her Service Award either through the Service Requirements or monetary reimbursement and she was provided with instructions on how to complete and submit the required Annual Payback Activities Certification (APAC) form in order to document completion of the Service Requirement and satisfy the debt. See Exhibit E. Once again, she did not comply with these obligations. Having failed to submit the Annual Payback Activities Certification (APAC) form certifying that she completed her payback obligations under the Service Award by completing the Service Requirements, under the terms of the Payback Agreement, the Defendant was required to provide monetary reimbursement to HHS by May 31, 2013. The Defendant failed to pay such monetary reimbursement.

12. By letter dated July 22, 2013, HHS informed the Defendant that failure to remit payment in full or enter into acceptable repayment agreement would result in collection action including the debt being referred to the U.S. Department of Justice (DOJ) for enforced collection. Additional notifications and demand letters regarding the indebtedness were sent to the Defendant. The defendant never responded to these letters, never provided an Annual Payback Activities Certification (APAC) form and has not made any payment towards the amount owed under the Payback Agreement.

13. Pursuant to the Payback Agreement, the Defendant is indebted to Plaintiff in the principal amount of $46,404.00, plus interest in the amount of $45,404.12 through May 29, 2019, for a total amount of $91,808.12. See Exhibit F.

## **COUNT I: BREACH OF CONTRACT**

14. The Plaintiff incorporates by reference the allegations set forth in the forgoing paragraphs as if they were restated here in full.

15. As provided under the terms of the Service Award, HHS provided the Defendant with funding.

16. The Defendant has breached the terms of the Service Award and the Payback Agreement by and through her failure to either complete the Service Requirement or provide monetary reimbursement to HHS, as set forth under the terms of the Payback Agreement.

17. Thus, as a result of the Defendant's nonperformance, the Plaintiff has been damaged as alleged herein.

WHEREFORE, the United States respectfully request that this Court enter judgment against Marsha K. Fearing-Browning in the principal amount of $46,404.00, plus interest pursuant to the Payback Agreement in the amount of $45,404.12 as of May 29, 2019, for a total amount of $91,808.12, plus further accrued interest through the date of judgment and post judgment interest pursuant to 28 U.S.C. § 1961.

        Respectfully submitted,

        UNITED STATES OF AMERICA
        By its attorneys

        ANDREW E. LELLING
        United States Attorney

Date:  May 31, 2019        By:   /s/ Raquelle L. Kaye
        Raquelle L. Kaye
        Assistant United States Attorney
        1 Courthouse Way, Suite 9200
        Boston, MA 02210
        Tel. No. (617) 748-3403
        Fax No. (617) 748-3972
        Raquelle.Kaye@usdoj.gov